**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50057 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00463-SVW-1 |
| v. | |
| DEONTAE DONALD GRIFFIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 24, 2023[**]
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[***] District Judge.

Deontae Griffin (Griffin), who entered a guilty plea pursuant to a plea

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

agreement for possession of at least fifty grams of methamphetamine with intent to distribute, appeals his custodial sentence of one hundred sixty-eight months. Griffin contends that resentencing is warranted because the government breached the plea agreement when it presented evidence contrary to its obligation to recommend a downward adjustment under 18 U.S.C. § 3553(f), the safety valve provision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Griffin's sentence.

"A defendant's claim that the government breached its plea agreement is generally reviewed de novo." *United States v. Farias-Contreras*, 60 F.4th 534, 541 (9th Cir. 2023) (citation omitted). "In this case, however, defense counsel did not object to the government's statements at sentencing." *Id.* "Because [Griffin] forfeited his claim of prosecutorial breach by failing to timely object, we must review that claim for plain error." *Id.* (citation omitted). "Under plain error review, we may grant relief only if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation and internal quotation marks omitted).

"When we interpret the agreement and craft remedies for any breach, we must secure the benefits promised to the defendant by the government in exchange

2

for surrendering his right to trial, that is, for surrendering his right to require the government to prove guilt beyond a reasonable doubt." *Id.* at 542 (citation, alteration, and internal quotation marks omitted).

Under plain error review, the government did not breach the plea agreement.[1] At sentencing, the government recommended, in accordance with the plea agreement, that Griffin was eligible for a safety valve adjustment. Although the government presented evidence to rebut Griffin's request for a mitigating role reduction, the government adhered to its obligation to recommend that Griffin was eligible for a safety valve adjustment. Notably, Griffin's counsel acknowledged that the government's evidence was limited to the mitigating role reduction and had no bearing on the safety valve adjustment. Griffin, therefore, does not demonstrate that the government "introduce[d] information that serve[d] no purpose but to influence the court to give a higher sentence," particularly as the district court applied the safety valve adjustment in imposing a low-end Guidelines sentence. *Id.* (citation and internal quotation marks omitted).

**AFFIRMED.**

---

[1] Even under *de novo* review, we would reach the same conclusion.